UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVKA SCHACTER<br><br>　　　　　Plaintiff,<br><br>　　-v-<br><br>JZANUS LTD and JOHN DOES 1-25,<br><br>　　　　　Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, RIVKA SCHACTER (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through her attorneys, Marcus Law, LLC, against Defendant JZANUS LTD (hereinafter "Defendant"), individually pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action on behalf of herself seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which

1

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located at 170 Jericho Turnpike, Floral Park, New York 11001 with a mailing address of PO Box 415789, Boston, Massachusetts 02241-5789.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to August 26, 2014, an obligation was allegedly incurred to Mount Sinai Hospital. ("MCH")

13. The MCH obligation arose out of a transaction in which money, property, insurance or

services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The alleged MCH obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. MCH is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. Defendant contends that the MCH debt is past due.

17. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

18. MCH directly or through an intermediary contracted Defendant to collect the MCH debt.

19. On or about August 26, 2014, the Defendant caused to be delivered to the Plaintiff two collection letters in an attempt to collect the alleged MSPA debt. *See* **Exhibit A.**

20. Both August 26, 2014 letters were sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

21. The August 26, 2014 letters are a "communication" as defined by 15 U.S.C. §1692a(2).

22. The first letter referred to an alleged outstanding debt in the amount of $669.17 with a date of service on November 8, 2013 and the second letter referred to an alleged outstanding debt in the amount $119.96 with a date of service on December 13, 2013.

23. Upon receipt of both letters and within 30 days, the Plaintiff sent back copies of the letters along with a letter of dispute stating both alleged dates were covered by her insurance.

24. Despite the Plaintiff disputing same, the Defendant sent two additional letters on September 30, 2014.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §1692g** *et seq.*

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Pursuant to 15 USC §1692g(b) a debt collector must cease all collections of a debt if the consumer notifies the debt collector in writing that the debt is disputed.

27. The Defendant violated said section by sending a collection letter out after the consumer notified the debt collector in writing that she disputed the debt.

28. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 20, 2015           */s/ Ari Marcus*
                                    Ari Marcus, Esq.
                                    MARCUS LAW, LLC
                                    1500 Allaire Avenue, Suite 101

4

Ocean, New Jersey 07712
(732) 660-8169 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 20, 2015            */s/ Ari Marcus*
                                    Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 20, 2015            */s/ Ari Marcus*
                                    Ari Marcus, Esq.